**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ALVAREZ FYKES, | Case No.: 1:17-cv-00344-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| RAFAEL ZUNIGA, et al., | |
| Defendants. | [ECF No. 1] |

Plaintiff Michael Alvarez Fykes is appearing pro se and in forma pauperis in this case. Plaintiff is in the custody of the Federal Bureau of Prisons ("BOP") and has filed this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed March 9, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On February 1, 2015, Plaintiff was a passenger in a car in Colorado Springs, Colorado. Police acting upon emergency information that Plaintiff was involved in pimping, conducted a traffic stop and arrested the occupants of the vehicle. Plaintiff was charged in state court with violation of pimping and human trafficking, but the charges were dismissed. However, upon searching the vehicle, police discovered a gun inside a backpack in the trunk of the car which had Plaintiff's passport in it. Plaintiff was charged federally with possession of a weapon by a prohibited person, 18 U.S.C. § 922, and this charge is distinct from the facts for which Plaintiff was stopped. After a jury trial, Plaintiff was convicted of possessing a weapon. However, Plaintiff was never charged or convicted of human trafficking. Therefore, Plaintiff contends the facts relating to the human

trafficking should not be used to score Plaintiff's offense severity under Bureau of Prison (BOP) policy. Plaintiff also contends the BOP placed a Public Safety Factor of sex offender on him.

### III.
### DISCUSSION

Plaintiff's sole claim is that the Bureau of Prisons (BOP) has failed to follow policy and modify his custody classification, which fails to give rise to a cognizable claim under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

"Actions under [42 U.S.C.] § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991). Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." <u>Crowley v. Nevada ex rel. Nevada Sec'y of State</u>, 678 F.3d 730, 734 (9th Cir. 2012) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). Habeas relief extends to a person in custody under the authority of the United States. 28 U.S.C. § 2241. Thus, a challenge to the execution of a sentence, e.g., to the manner, location, or conditions of a sentence's execution is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241." <u>Tucker v. Carlson</u>, 925 F.2d 330, 331 (9th Cir. 1990) (citation omitted).

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. <u>Wilkinson</u>, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause. <u>Id.</u> However, the Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. <u>Id.</u> at 221-22 (citations and quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. <u>Wilkinson</u>, 545

U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In this instance, there is no support for a finding that Plaintiff has a protected liberty interest in a particular classification score. Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). That a higher security institution is more restrictive is not sufficient, in and of itself, to demonstrate that it is a condition which imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. Id. In fact, Plaintiff's custody level was reduced and he is now incarcerated at a low security institution. (Compl. at p. 18; see also ECF No. 9.)

Furthermore, Plaintiff challenges the application of the BOP's policies to his custody classification, not the conditions of his place of incarceration. At the time Plaintiff filed this action he was incarcerated in this Court's jurisdiction; however, Plaintiff is currently incarcerated at the Federal Correctional Institution in Big Spring, Texas. (ECF No. 9.) To the extent Plaintiff is seeking relief by way of habeas corpus, he must file such petition in the custodial court, that is, the court of the district in which he is incarcerated-the United States District Court for the Northern District of Texas. 28 U.S.C. § 124. Thus, even if this Court found a cognizable habeas claim, it lacks jurisdiction to review such claim. See, e.g., Hassain v. Johnson, 790 F.2d 1420, 1420 (9th Cir. 1986) (no jurisdiction in California to address petition where inmate incarcerated in Arizona); United States v. Giddings, 740 F.2d 770, 771 (9th Cir. 1984) (no jurisdiction in Washington to address petition where inmate incarcerated in Kansas). Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus). Accordingly, the instant complaint must be dismissed, without prejudice, for failure to state a cognizable claim for relief.

///

///

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The complaint be dismissed for failure to state a cognizable claim for relief; and

2. The Clerk of Court is directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 19, 2017**

UNITED STATES MAGISTRATE JUDGE